### In re WORMS' ESTATE.

(Surrogate's Court, New York County. June 19, 1916.)

1. WILLS ⟳511—CONSTRUCTION—LEGATEES—"LEGAL REPRESENTATIVE."
   The ordinary meaning of "legal representative" is executor or administrator, and in the absence of something in the context to indicate a different meaning these words will be so construed.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 1107; Dec. Dig. ⟳511.
   For other definitions, see Words and Phrases, First and Second Series, Legal Representative.]

2. WILLS ⟳511—BEQUEST—CONSTRUCTION—LEGATEES.
   A bequest to one, or to his issue in the event that he be dead leaving issue, or in default of issue to his legal representative, requires payment to the legatee's executor on his death without issue.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 1107; Dec. Dig. ⟳511.]

Application by the executor of the estate of Bertha Worms for directions as to the payment of a legacy.

Spitz & Bromberger, of New York City, for executor.

Goldsmith, Rosenthal, Mork & Baum, of New York City, for executrix Ichelberg.

Robert W. Maloney, of New York City, for executors Lowenbein.

Henry K. Heyman, of New York City, special guardian.

FOWLER, S. The executor has filed his account and asks the court for directions as to the payment of a legacy given to Ernest

Ichelberg in the third paragraph of the codicil to the will of the testatrix. In that paragraph the testatrix directed that the residue of her estate be divided into seven equal shares, and that "one of said equal shares be evenly divided between my cousin, Sarah Mundorf, and my husband's nephew, Ernest Ichelberg, of the city of New York. In case any of them be dead, leaving issue, I direct that the share of such legatee shall be paid to the issue of such legatee me surviving, and in default of issue, to the legal representatives of such legatee." Ernest Ichelberg predeceased the testatrix. He left a widow, Antonie Ichelberg, but no issue. His widow was appointed executrix of his estate. The question to be determined is whether the legacy should be paid to Antonie Ichelberg, as executrix of the estate of Ernest Ichelberg, or to those persons who would be entitled to take it under the statute of distribution of the state of New York.

[1, 2] The ordinary meaning of the words "legal representative" is executor or administrator (Rockland-Rockport Lime Co. v. Leary, 203 N. Y. 469, 97 N. E. 43, Ann. Cas. 1913B, 62), and unless there is something in the context to indicate a different intent they will be given that meaning (Griswold v. Sawyer, 125 N. Y. 411, 26 N. E. 464). There is nothing in the language of the will, nor is there any indication in the disposition which the testatrix has made of her property, from which it could reasonably be inferred that the words "legal representatives" were used by her in any other than their usual meaning. Ernest Ichelberg was not an immediate relative of the testatrix and was not a natural object of her bounty. She had, therefore, no personal interest in the individuals who would receive the legacy after his death, and it is reasonable to assume she intended that distribution of the legacy should be made among those who were the natural objects of the legatee's bounty or for whom he indicated a preference in his will.

The bequest to Ernest Ichelberg therefore should be paid to his executrix, and the proposed decree should be corrected accordingly.